IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANTHONY DAWYNE SINGLETON                                       PLAINTIFF

VS.                                               CIVIL ACTION NO. 3:07cv667-JCS

CORPORAL LONNIE HAYNES and
HINDS COUNTY                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action pursuant to § 1983 alleging that he was assaulted by Defendant Lonnie Haynes and other detention center officers while he was being held as a pretrial detainee at the Hinds County Detention Center (HCDC). Previously, the court entered summary judgment in favor of the county. The claims against Defendant Haynes were tried before the court. Having considered the evidence presented at trial, the court makes the following findings of fact and conclusions of law.

An initial matter to be addressed concerns Plaintiff's request that three incarcerated witnesses be brought to the trial to testify on his behalf. Plaintiff identified these witnesses as Yancy Anderson, Robert Price Sanders, Kenneth Brown, and Timothy Williams. The court could locate no inmate by the name of Yancy Anderson either at HCDC or in the custody of the Mississippi Department of Corrections (MDOC). MDOC had multiple inmates with the latter three names, and the court could not identify which inmates were the witnesses desired by Plaintiff. Furthermore, at trial Plaintiff admitted that none of these latter three persons were witnesses to the actual alleged assault.

Accordingly, the court proceeded with the trial in the absence of these witnesses.

In his testimony, Plaintiff gave the following account of the alleged assault. Around 11:30 on the evening of August 19, 2007, Plaintiff became ill. He called the housing unit deputy for assistance. The deputy came to cell, along with Defendant Haynes and several other officers. Haynes informed him that "nobody was going to medical because it was third shift"[1] and instructed him to lie down. Haynes then put one foot on Plaintiff's neck and sprayed him with a chemical agent. When another deputy observed that they did not need any witnesses to the beating, Haynes and the other officers drug Plaintiff and his cell mate, Yancy Anderson, to an interrogation room. Haynes struck him in the face several times, and other officers beat him. Plaintiff was left in the room for approximately an hour and then was taken back to his cell. Thereafter, officers called him out of his cell to shower the blood off. Singleton testified that he suffered from bruises and lacerations as a result of the assault. He initially testified that he received no medical attention for two or three days. However, on cross-examination he admitted that he saw a nurse around 4:30 p.m. at the unit when the nurse was making her medication rounds. He also admitted that he may have gone to the medical clinic later that day for vomiting and that he underwent testing for stomach problems the next day.

Defendant Haynes was a supervisor for the third shift on the date in question. As such, one of his duties was to make routine checks of the pod. In testifying on his own behalf, Defendant Haynes could not recall every having had any contact with Plaintiff.

---

[1] "Third shift" refers to the time period from 22:00 hours until 06:00 hours the next morning.

He stated that he did not remember him as an inmate and never assaulted him.

Willie Dean Butler, the nurse at HCDC during the relevant time period, testifed regarding seeing Plaintiff in the early morning hours of August 20, 2007, when she made medication rounds.  She stated that the light was bright in the cell and that she observed no cuts, bruises or abrasions on Plaintiff at the time.

Also testifying on behalf of Defendant Haynes was William M. Holmes, the shift supervisor at the time of the alleged assault.  He testified regarding the log sheet for the third shift on August 19, 2007.  According to Holmes, it is the responsibility of the deputy in charge of pod control to log in the name of every person who enters or leaves the pod.  The log sheet shows that at 22:24 a deputy escorting an inmate to the medical clinic exited the pod and returned with the inmate at 22:30.  Defendant Haynes entered Plaintiff's pod at 22:50 and left five minutes later.  The only entry by anyone into the pod during the third shift were Nurse Butler, who  entered at 04:34 to distribute medication, and Defendant Haynes, who entered at 05:35.

Having carefully considered the evidence, the court finds that Plaintiff's account of the alleged assault is not credible.  There is no incident report or record indicating that any sort of disturbance occurred involving Plaintiff.  The log sheets contradict Plaintiff's testimony concerning the entry into the pod and his cell of Haynes and the other officers.  Most convincing, however, is Nurse Butler's testimony that Plaintiff showed no sign of injury just a few hours after the alleged beating.  Accordingly, the court finds that Plaintiff has failed to prove a constitutional violation by Defendant Haynes.

For these reasons, Plaintiff's claim will be dismissed and judgment entered for Defendant. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 25th day of March, 2009.

/s/ James C. Sumner
_____
UNITED STATES MAGISTRATE JUDGE